IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOUGLASS SCOTT REEVES                                                              PLAINTIFF

V.                          Case No. 4:24-CV-00088-BBM

DAVID HAMILTON, Nurse;
and DONNA HARRIS, Nurse Aid                                                        DEFENDANTS

## **ORDER**

There are three summary judgment motions pending before the Court, including two filed by Plaintiff Douglass Scott Reeves. (Docs. 68, 81, 91). Yet, Reeves contends that discovery issues remain outstanding. In a "Notice" to the Court, filed June 24, 2025, Reeves argues that Defendants should have produced *all* Pope County Detention Center ("PCDC") sick call requests he submitted in December 2023, not just those within their possession. (Doc. 109). His reasoning: the sick call requests are stored at Defendants' place of employment, PCDC, and Defendants could have obtained the disputed requests from the PCDC jail administrator, Rowdy Sweet. *Id.* at 3–4. Defendants produced sick call requests beginning December 17, 2023, *see* (Doc. 76); Reeves seeks additional sick call requests from December 7–December 17, 2023, (Doc. 109 at 4).

Reeves previously raised this issue and moved to compel Defendants to produce the disputed sick call requests. (Doc. 76). By Order dated May 15, 2025, the Court denied that Motion to Compel and denied Reeves's Motion to Reopen Discovery, (Doc. 94), because Defendants were not the custodians of the sick call requests, and Reeves had not provided

good cause to conduct untimely discovery. (Doc. 96). Upon that basis, Defendants move to strike Reeves's June 24 Notice. (Doc. 111).

Since the Court's May 15 Order, Reeves has filed his Response to Defendants' Motion for Summary Judgment and supporting documents. (Docs. 100–103, 108). Having those documents, it is now clear that the disputed sick call requests are material in deciding whether Defendants are entitled to summary judgment. Specifically, Reeves contends that during the period of disputed sick call requests—December 7–17, 2023—he was placing sick call requests in which he: requested Suboxone; complained that his withdrawal symptoms were getting worse; and informed staff that his alternative detox medication was not being provided. (Doc. 102 at 1–2). Defendants contend that Nurse Harris provided Reeves his detox medication during this time, (Doc. 83 at 2, citing Doc. 82 at ¶¶ 3, 4, 11, 12, 14), but Reeves disagrees, (Doc. 108 at ¶¶ 3, 4, 11, 12, 14).

In other words, Reeves has now provided good cause to reopen discovery—albeit in a limited capacity. Moreover, he now requests that the identified sick call requests be provided by the custodian of those records, the PCDC jail administrator, rather than Defendants. (Doc. 109 at 4). The Court liberally construes this as a Motion for Subpoena, which is granted; Defendants' Motion to Strike is denied.

To be clear, discovery *between the parties* remains closed. But the disputed PCDC sick call requests appear necessary to resolve material fact questions for summary judgment. Thus, Reeves will be allowed to subpoena those documents.

2

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion to Strike, (Doc. 111), is DENIED.

2. All summary judgment motions, (Docs. 68, 81, 91), are DENIED without prejudice due to outstanding material fact questions.

3. Reeves's construed and embedded Motion for Subpoena, (Doc. 109 at 4), is GRANTED.

4. The Clerk is directed to prepare a subpoena duces tecum, instructing Pope County Jail Administrator Rowdy Sweet to produce a copy of the following documents to the Court:

> All sick call or medical requests submitted by Douglass Scott Reeves from December 7, 2023, to December 17, 2023, in the Pope County Detention Center. Privileged or confidential information must be redacted.

5. The United States Marshal is directed to serve the subpoena duces tecum on Administrator Sweet at the Pope County Detention Center without requiring prepayment of fees and costs.

6. Jail Administrator Sweet or his designee shall have thirty (30) days from the date of this Order to produce a copy of the documents to the Court, which will be filed on the record.

7. The Clerk is directed to send a copy of the subpoena to each party in this case.

8.  After Administrator Sweet files his response, the Court will set a deadline for the parties to resubmit summary judgment motions. Any summary judgment motions submitted prior to that date will be deemed premature.

SO ORDERED this 15th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE